UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG ATAIDE,

Plaintiff,

v.

SELENE FINANCE, LP,

Defendant.

Case No. 26-cv-02226-NW

**ORDER GRANTING PRELIMINARY INJUNCTION; ORDER DENYING MOTION TO DISMISS**

Re: ECF Nos. 27, 29

This case stems from a dispute between Plaintiff Craig Ataide and his mortgage servicer, Defendant Selene Finance, LP, regarding Defendant's denial of Plaintiff's requests for loan modification and Defendant's foreclosure sale of Plaintiff's home, which was previously scheduled for March 17, 2026. ECF Nos. 1, 3-1.

On April 20, 2026, the Court granted Plaintiff's motion for a temporary restraining order ("TRO") enjoining Defendant from proceeding with the scheduled foreclosure sale. ECF No. 27 ("Order"). The Court additionally ordered Defendant to show cause why a preliminary injunction, as requested by Plaintiff, should not issue to restrain and enjoin Defendant's sale of Plaintiff's property pending a trial in this action. *Id.* Defendant filed an opposition to the order to show cause, and additionally moved to dismiss Plaintiff's complaint for failure to state a claim. ECF Nos. 29, 30.

Because of the substantial overlap in factual allegations and arguments, the Court considered Plaintiff's requested preliminary injunction and Defendant's motion to dismiss together, and on September 25, 2026, heard oral argument on both. For the foregoing reasons, the Court DENIES Defendant's motion to dismiss and GRANTS the requested preliminary injunction.

United States District Court
Northern District of California

## I. BACKGROUND[1]

Plaintiff is the homeowner of a property located in Carmel by the Sea, California ("the Property"). On November 31, 2022, Plaintiff took out a loan against the Property for $2,200,000.00 with CALCAP Lending LLC.

On June 17, 2024, Defendant was assigned as the servicer for the loan. "[A]round that time, Plaintiff was diagnosed with leukemia and fell behind on his mortgage payments." ECF No. 3-1 at 2.

On February 24, 2025, Defendant recorded a notice of default against the Property. A few months later, on April 4, 2025, Plaintiff submitted a complete loan modification application with supporting documents to Defendant. Plaintiff alleges that he was not contacted by Defendant in the weeks following his application submission.

On May 29, 2025, before Plaintiff received a response to his loan modification application, Defendant recorded a notice of a trustee's sale against the Property.

On June 2, 2025, Plaintiff received a letter from Defendant denying his loan modification application. The denial letter stated: "Does not meet program eligibility requirements."

Plaintiff submitted additional loan modification applications on June 9, 2025, and again on November 20, 2025. Defendant sent Plaintiff letters denying his applications on June 11, 2025, and on November 28, 2025, respectively.

Plaintiff initiated this case against Defendant on March 13, 2026, bringing three claims: (1) violations of California Civil Code Section 2923.6; (2) violations of California Civil Code Section 2923.7; and (3) violations of Cal. Business & Professions Code section 17200, *et seq*.

Defendant scheduled a trustee's sale of the Property for March 17, 2026. On March 16, 2026, Plaintiff filed a motion for a TRO to prevent the trustee's sale. The same day, the Court set a hearing and a briefing schedule on the motion, and ordered: "To preserve the status quo, Defendant is prohibited from completing the foreclosure sale on Plaintiff's property while the TRO application is pending." ECF No. 7. The parties fully briefed the TRO request, and the

---

[1] The factual background is drawn from Plaintiff's complaint. ECF No. 1. The Court repeats the background of this case as set forth in the Court's April 20, 2026 Order. ECF No. 29.

United States District Court
Northern District of California

Court granted Plaintiff's motion for a TRO on April 20, 2026. ECF No. 29.

The parties fully briefed whether a preliminary injunction should issue, and Defendant's motion to dismiss the complaint.[2] ECF Nos. 29, 30, 32. On September 25, 2026, the Court heard oral argument on the related issues.

## II. DISCUSSION

### A. Preliminary Injunction

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council,* 555 U.S. 7, 20 (2008). The Ninth Circuit has applied a sliding scale approach to these factors, where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits"); *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (preliminary injunction may issue if the plaintiff demonstrated serious questions going to the merits – which is a lesser standard than likelihood of success on the merits – if the balance of equities "tips *sharply* in the plaintiff's favor," and the plaintiff establishes that they are likely to suffer irreparable harm, and that an injunction is in the public interest). A preliminary injunction is an extraordinary remedy, and Plaintiff has the burden of establishing these factors by clear and convincing evidence. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck*

[2] On September 16, 2026, nine days before the motion hearing and almost five months after the Court issued the order to show cause why a preliminary injunction should not issue, Defendant filed a motion for leave to file a supplemental opposition to Plaintiff's preliminary injunction request. ECF No. 43. Defendant says that after it "filed its Opposition [on March 24, 2026], Defendant confirmed that it qualifies as a "small servicer," a fact that materially affects the applicability of the statutory provisions upon which Plaintiff relies in seeking preliminary injunctive relief." ECF No. 43 at 2. Whether Defendant qualifies as a "small servicer" is something known solely by Defendant and the Court is aware of no information that would justify Defendant failing to raise this issue in its motion to dismiss, if not before. The Court denies Defendant's motion for leave as untimely, for lack of good cause shown, and as prejudicial to Plaintiff who has already filed a reply brief.

*Drivers,* 415 U.S. 423, 442 (1974).

For reasons substantially similar to those articulated in the Court's Order on the TRO, Plaintiff has established by clear and convincing evidence that: he is likely to succeed on the merits of his claims; he will suffer irreparable harm without preliminary relief; the balance of equities tips in his favor; and an injunction is in the public interest. *Winter,* 555 U.S. at 20.

Plaintiff maintains his allegations that Defendant proceeded with the trustee's sale of his Property while his loan modification application was still pending in violation of California Civil Code Section 2923.6, part of the Homeowner's Bill of Rights. Section 2923.6(c) provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).

In their briefing, the parties agree that Plaintiff's April 4, 2025 loan modification application was his first application. Plaintiff alleges that this was a complete application. The parties also do not dispute that Defendant responded to Plaintiff's first application on June 2, 2025, which was Defendant's *first notice* to Plaintiff that his application had been denied. Stated another way, Plaintiff's loan modification application was pending until Defendant's June 2, 2025 notice indicating Defendant had denied the application. Nevertheless, Defendant filed a notice of trustee's sale on May 29, 2025, *several days before* Defendant sent Plaintiff the letter rejecting his loan modification application.

Defendant argues that it did not owe Plaintiff an obligation to delay providing notice of a trustee's sale because "Section 2923.6 imposes an obligation on a loan servicer only upon receipt of a **complete loan modification application**." ECF No. 30 at 5 (emphasis in original). Defendant has conceded that its May 29, 2025 notice of trustee's sale would have been improper if Plaintiff had a complete loan modification application pending. But Defendant asserts Plaintiff's application was incomplete. In support of this contention, Defendant references a June 9, 2025 email from Plaintiff to Defendant regarding his application. *Id.* Defendant did not attach the

email nor provide a citation to the record where the Court could review it. Instead, Defendant offers the following quote from the email without context: "I spoke to Joy today and she said my original request was not complete. Here is a complete package you require." From these words Defendant concludes that Plaintiff conceded that his loan modification application was incomplete until June 9, 2025. Putting aside the numerous evidentiary issues with Defendant's offered email, nowhere in the quotations provided by Defendant does Plaintiff state that he had not previously filed a complete loan modification application, or that he agreed (as compared to Defendant) that his application was incomplete until the date of the email. In fact, nothing in the quote clearly references Plaintiff's loan modification application at all, let alone an application that is "not complete" within the definition of Section 2923.6. Defendant offers no other evidence in support of its argument on this point. The Court finds that Plaintiff is likely to succeed on the merits of his Section 2923.6 claim based on Defendant issuing an untimely notice of trustee's sale while Plaintiff had a complete loan modification application pending.

Defendant also asserts that Plaintiff cannot prevail on his Section 2923.6 claim because his Property is not owner-occupied, and therefore the Homeowner's Bill of Rights does not apply. *See* Cal. Civ. Code § 2924.15 (defining owner-occupied as property that "is the principal residence of the borrower."). But Defendant offers no evidence to support the assertion that Plaintiff does not occupy the Property. ECF No. 29 at 4.[3] Because it is Plaintiff's burden to establish by clear and convincing evidence that he is likely to succeed on the merits of his claim, the Court weighs the evidence submitted in support of Plaintiff's claim. Plaintiff provided a sworn declaration that the Property has served as his primary residence at all relevant times: "At all times (excluding the periods in which I was undergoing chemotherapy), I reside on the Property at least four days per week (Thursday-Sunday)." ECF No. 32-1. The Court finds that, at this stage, Plaintiff's

[3] Defendant asserts, without citation to any evidence, that "[s]hortly after purchasing the Property, Plaintiff began renting it on Airbnb and VRBO, generating substantial income from short-term renters. Moreover, in his June 9, 2025, loan modification application, submitted to Defendant, Plaintiff clearly checked the box indicating that the Property was occupied by a non-borrower tenant." ECF No. 29 at 4. Yet Plaintiff does not deny that he has had renters at the Property, nor that those renters caused him to reside elsewhere: "I have renters that live on the Property, but this fact has never interfered with my ability to reside on the Property as well." ECF No. 32-1.

declaration of his residence sufficiently establishes his likelihood of success on the merits.

Plaintiff is also likely to succeed on his second Homeowner's Bill of Rights claim. Plaintiff alleges that in violation of California Civil Code Section 2923.7, Defendant did not properly provide him with a "single point of contact" with whom to communicate about his loan modification application. Section 2923.7(a) states, "[w]hen a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7. Plaintiff contends that he "was never assigned a single point of contact and was never contacted by a Selene Finance representative regarding the [April 4, 2025] application." ECF No. 3-3 at 6. Defendant explains that it fulfilled its obligations by assigning a single point of contact via letter on March 13, 2025, or by informing Plaintiff that his contact person had changed on April 2, 2025. *See* ECF No. 30 at 6. But Defendant sent these letters *before* Plaintiff filed his loan modification application. In the absence of any contradictory evidence, the Court finds that Plaintiff is likely to succeed on his claim that his was not provided a single point of contact for his April 4, 2025 application.

Finally, Plaintiff asserts that Defendant's actions in violation of the Homeowner Bill of Rights also violated California's unfair competition law, Cal. Business & Professions Code section 17200, *et seq*. ("UCL"), as unlawful business practices. Because Plaintiff has adequately alleged violations of the Homeowner Bill of Rights, and the UCL claim is derived from the same violations, the Court finds that Plaintiff has raised serious questions going to the merits of his UCL claim.

Turning to the remaining *Winter* factors, Plaintiff faces irreparable harm because Defendant still intends to foreclose upon Plaintiff's home. "[I]t is well-established that the loss of an interest in real property constitutes an irreparable injury." *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011) (collecting cases regarding evictions and foreclosures); *see also Jackmon v. America's Servicing Co.*, 2011 WL 3667478 at *3 (N.D. Cal. 2011) ("It is undisputed that plaintiffs are harmed if they are evicted from their homes or undergo a foreclosure sale."). Additionally, the balance of hardships weighs in Plaintiff's favor.

The harm that Plaintiff will suffer if his home is foreclosed upon far outweighs the harm to Defendant if that foreclosure is delayed pending the resolution of this case. *Ozkay v. Equity Wave Lending, Inc.*, No. 20-CV-08263-JST, 2020 WL 7696058, at *2 (N.D. Cal. Dec. 28, 2020) ("Causing a slight delay for Defendant's sale of the Subject Property is greatly outweighed by Plaintiff's potential loss of his home." (citation omitted)). Finally, the injunction is in the public interest. There is a public interest in enforcing the Homeowner Bill of Rights, which was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4.

Accordingly, the Court GRANTS the request for a preliminary injunction and finds that no security is required. Fed. R. Civ. Pro. 65. Defendant has a secured interest in the Property and will be permitted to proceed with foreclosure if Plaintiff's claims are ultimately denied.

### B. Motion to Dismiss

Defendant raises substantially similar arguments in its motion to dismiss for failure to state a claim. ECF No. 29. For the same reasons Plaintiff is likely to succeed on the merits of his claims, Plaintiff has adequately stated his claims. To the extent that Defendant raises challenges based on the sufficiency of the evidence (not raised in the opposition to the preliminary injunction), these contentions are not appropriate for review at the motion to dismiss stage where the Court must "construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Defendant's motion to dismiss is denied.

## III. CONCLUSION

Because the *Winters* factors favor granting a preliminary injunction, Plaintiff's motion for preliminary injunction is GRANTED. Defendant, its officers, agents, servants, employees, and all persons acting in concert with Defendant or on Defendant's behalf, are enjoined from directly or indirectly initiating foreclosure proceedings on the Property pending further order of the Court.

This preliminary injunction shall take effect immediately and shall remain in effect until further order of this Court.

Additionally, Defendant's motion to dismiss is DENIED. Defendant shall file an answer within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Noël Wise
United States District Judge